**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3660
_____

UNITED STATES OF AMERICA

v.

GARY BATTAGLINI
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-09-cr-00496-011)
District Judge: Hon. Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 09, 2018
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*.

(Opinion filed:  October 23, 2018)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Gary Battaglini appeals the judgment of sentence following his conviction for racketeering and related offenses. He argues that the District Court erred in allowing recorded conversations to be admitted into evidence. For the reasons that follow, we will affirm.

## I.[1]

We first consider Battaglini's contention that his Sixth Amendment right to confront witnesses was violated by admission of recorded conversations. The Confrontation Clause of the Sixth Amendment bars out-of-court statements that are testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness.[2] "The Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."[3] Therefore, "[t]his right applies only to testimonial statements offered for their truth."[4]

Here, in order to establish a Confrontation Clause violation, Battaglini must show the statements in the recordings were both testimonial and hearsay. The District Court concluded that the recorded statements were offered to establish context and not for their truth, and were therefore outside the scope of the Confrontation Clause.[5] We agree.

---

[1] The District Court had subject-matter jurisdiction over the case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review the District Court's final sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

[3] *Id.* at 77 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1995)).

[4] *Lambert v. Warden Greene SCI*, 861 F.3d 459, 469 (3d Cir. 2017).

[5] *United States v. Hendricks*, 395 F.3d 173, 182–84 (3d Cir. 2005).

In *Hendricks*, a confidential informant who died prior to trial had recorded conversations with the defendant.[6] We held that the Confrontation Clause did not bar the informant's recorded statements from being admitted into evidence because the government was not introducing them for their truth; rather, the statements were necessary to establish context. We explained:

> Under these circumstances, we conclude that the Government should be permitted to introduce the balance of the conversations, i.e., the statements of [the] CI . . . which, as the Government argues, put the statements of the other parties to the conversations into perspective and make them intelligible to the jury and recognizable as admissions.

> We thus hold that if a Defendant or his or her coconspirator makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant or coconspirator's nontestimonial statements into context.[7]

Despite the unavailability issue addressed in *Hendricks*, we focused primarily on the fact that the statements were necessary to put statements of others into perspective. Moreover, since the recorded statements here were not hearsay, there is no need to address whether the statements were testimonial.[8]

## II.

---

[6] *Id.* at 176.

[7] *Id.* at 184 (internal citations and quotations omitted).

[8] *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014) ("[I]n order to fall within the purview of the Confrontation Clause, the evidence not only must be testimonial but also must be offered for the truth of the matter asserted.").

Battaglini also argues that the government committed a *Brady*[9] violation by suppressing information related to the informant's contradictory statements. To prove a *Brady* violation, the defendant must establish that: (1) the government suppressed or withheld evidence; (2) which was favorable to the defendant; and (3) material to the defense.[10]

*Brady* claims involve mixed questions of law and fact. We review questions of law *de novo* and the District Court's factual findings for clear error.[11] Battaglini failed to raise the *Brady* claim in the District Court. We review unpreserved *Brady* claims for plain error.[12] We have declined to review *Brady* claims where, as here, no record was created in the district court.[13] Such unpreserved claims are largely unreviewable because the appellate record lacks the necessary findings of fact from the district court.

We conclude that Battaglini's *Brady* claims are unreviewable in light of the dearth of factual findings in the record. For example, the parties disagree about whether the alleged *Brady* material was disclosed in a timely manner and whether counsel had the opportunity to cross-examine. We cannot assess these claims absent factual findings from the District Court.

**III.**

---

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).
[10] *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991).
[11] *United States v. Claxton*, 766 F.3d 280, 303 (3d Cir. 2014).
[12] *United States v. Olano*, 507 U.S. 725, 731–32 (1993).
[13] *United States v. Green*, 556 F.3d 151, 154 n.2 (3d Cir. 2009) (awarding a new trial on other grounds, but noting that, "because this issue was not formally raised and litigated below, we are thus unable to make the requisite materiality determination based on the record before us.").

For the foregoing reasons, we will affirm the District Court's judgment in its entirety.